IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
08 MAY 29 PM 3: 37
OFFICE OF THE CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:07CR441 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| JEFFREY A. SMOLINSKI, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Defendant, JEFFREY A. SMOLINSKI, by and through his attorney, Glenn A. Shapiro, agree to the following:

### NATURE OF CRIME AND PENALTIES

1. The Defendant will plead guilty to Counts I and II of the Information. Count I charges a violation of Title 18, United States Code, Section 2252A(a)(2). The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to imprisonment of not less than 5 to not more than 20 years, a fine of $250,000.00, both such fine and imprisonment, a term of supervised release of up to five (5) years, and a $100 special assessment. Count II is a forfeiture count for a Dell Inspiron, 4150 laptop computer, Serial Number 7X4N921. The Defendant understands that by entering this plea of guilty as to Count II, the Defendant forfeits to the United States any and all interest the Defendant has in the above-mentioned laptop computer.

2. In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

   a. That pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Defendant shall be sentenced to a period of 5 years imprisonment. If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, the United States hereby moves that the Court reduce the Defendant's offense

level by one additional level, pursuant to U.S.S.G. § 3E1.1(b), if that paragraph otherwise applies.

    b.    The United States will move to dismiss Counts I and II of the pending Indictment against the Defendant.

## COOPERATION PROVISIONS

3.    Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## SENTENCING ISSUES

4.    Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

5.    This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

6.    By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

7.    The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

8.    The United States may use against the Defendant any disclosure(s) the Defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner

limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

9.  Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

10. By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).

11. This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

12. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA

JOE W. STECHER
United States Attorney

_____  _____
Date                             RUSSELL X. MAYER
                                 Assistant United States Attorney

5/27/08                          _____
Date                             JEFFREY A. SMOLINSKI
                                 Defendant

5/27/08                          _____
Date                             GLENN A. SHAPIRO
                                 Attorney for Defendant